**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

EDWARD LEE FILER, et al.,

                    Defendants.

Case No. 19 CR 565

Judge Harry D. Leinenweber

## ORDER

The Government's Motion to Quash Trial Subpoenas (Dkt. No. 133) is denied without prejudice to move again at a later date.

## STATEMENT

This Court has been sitting in the Northern District of Illinois for over 33 years, during which time it has heard many criminal cases. One of the United States Attorney's Office's major policies during this time has always been "open file," meaning that defendants need not pursue discovery motions and the Government would make available to defendants prior to trial all items not protected by privilege. Certainly, a strong, practical reason for this policy is to save the courts and the parties from discovery litigation. It also allows a defendant to accurately gauge the strength of the Government's case. As we all know, this policy leads to many guilty pleas, some with the Government's written agreement and some without.

The foregoing commentary is meant to explain the Court's surprise that the Government filed a motion to quash a defendant's attempt to obtain discovery from his co-defendants by a Rule 17 subpoena in this case. This unusual motion has led to the

submission of briefs totaling over 50 pages to the Court. The gravamen of the Government's Motion is that Defendant is using third party subpoenas issued pursuant to Rule 17 to perform what the Government characterizes as a "fishing expedition," *i.e.*, for discovery and not for production. The Government is, of course, correct in this observation. But the Court is left with the following question: "So what?"

The Defendant strenuously argues that the Government's objection to its subpoenas to the co-defendants is wrong on at least two bases. First, the recipients of the subpoenas have not raised an objection and, the Government has no standing to object. Second, the Defendant is requesting categories of documents which are relevant and material to his defense and therefore has met the specificity requirement of Rule 17. The Government argues that, under certain circumstances, it has standing to object to third-party subpoenas if necessary to protect its witnesses or potential witnesses from harassment and burdensomeness, which could impede its ability to present these witnesses at trial (citing *United States v. Raineri*, 670 F.2d, 702, 712 (7th Cir. 1982)).

The Court, however, agrees with Defendant that this argument for standing, at least at this time, is not persuasive. The subpoena recipients have not raised any objection as to possible harassment or burdensomeness. This leads the Court to believe that the subpoena recipients may not view the request as harassment or overburdensome, quite possibly because the co-defendants may not be antagonistic to Filer.

The Court agrees that there is no right to conduct discovery (other than the obvious *Brady* material) beyond that created by statute in the Jencks Act. But as the Government points out, it has agreed to produce Jencks Act materials well ahead of the trial as it invariably does in the absence of safety reasons or fear of

possible witness tampering. The best way to handle this motion is to allow the subpoenas to stand and see if, upon reflection, the subpoena recipients feel harassed or overburdened and raise objections. It could be that they are withholding their objections to see how the Government's Motion fares.

In general, this Court has always had a liberal policy toward discovery based on the belief that information received is helpful to a party in gauging the strength of its case. However, the Court does not allow discovery that is so excessive that it would cause the recipient to spend large amounts of time and/or money to comply. If it turns out that the subpoenas are overburdensome, the best action is for the parties to negotiate and compromise or the imposition of costs commensurate to the time required to respond.

The Court is at a disadvantage to determine the possible relevance of the Defendant's document requests. The Court's knowledge of this case is limited to having reviewed the indictment. To put it mildly, the indictment does not charge the defendants with a "run-of-the-mill" fraud prosecution, but rather an extraordinarily sophisticated scheme. Since this is a "white collar" criminal prosecution without any indication that the recipients might sustain some detriment as a result of subpoena compliance, the Court fails to see any resulting harm to the Government. If it turns out that the recipients feel harassed or intimidated, the Court can take measures in response to their objections.

The Motion to Quash Subpoenas is denied without prejudice to move again at a later date.

_____
            Harry D. Leinenweber, Judge
            United States District Court

Dated: 2/21/2020